IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| ALEX FERRARI,<br><br>    Plaintiff,<br><br>vs.<br><br>MATTHEW FERRARI,<br><br>    Defendant, | Civil Action No. 2:23-CV-01541-CBB<br><br>United States Magistrate Judge<br>Christopher B. Brown |

**ORDER ON UNOPPOSED MOTIONS TO INTERVENE**[1] **ECF Nos. 47, 49.**

    Non-parties Ferrari Importing, Inc. ("Ferrari Importing") and Citizens Bank, N.A. ("Citizens") separately filed Motions to Intervene in this action in order to respond to Plaintiff Alex Ferrari's Motion to Appoint a Receiver.  *See* ECF Nos. 47, 49.  Both Ferrari Importing and Citizens included their Responses to the Motion to Appoint a Receiver as exhibits.  *See* ECF Nos. 47-1, 49-2 at 91.

    The Court Ordered the parties to respond to the Motions to Intervene.  ECF No. 50.  Plaintiff Alex Ferrari and Defendant Matthew Ferrari separately confirmed they do not oppose the Motions to Intervene.  ECF Nos. 53-56.  Ferrari Importing filed a Reply, reiterating its position.  ECF No. 57.

---

[1]     A motion to intervene is a non-dispositive motion and appropriately decided by a federal magistrate judge.  *Dewey v. Volkswagen Aktiengesellschaft*, 558 F. App'x 191, 198, n. 6 (3d Cir. 2014).  *See also DLCA, LLC v. Balance Point Divorce Funding, LLC*, No. 2:18-CV-01867, 2018 WL 4676045, at *1 (D.N.J. Sept. 28, 2018) ("Motions to intervene are considered non-dispositive motions").  Appeals from Orders issued by a Magistrate Judge on non-dispositive motions are subject to the "clearly erroneous or contrary to law" standard of review.  28 U.S.C. § 636(b)(1)(A); LCvR 72.C.2. ("Any party may object to a Magistrate Judge's determination made under this rule within fourteen (14) days after the date of service of the Magistrate Judge's order[.]").

Ferrari Importing and Citizens may intervene under Federal Rule of Civil Procedure 24(a)(2) because (1) the Motions to Intervene are timely; (2) Ferrari Importing and Citizens both have a sufficient interest in the litigation surrounding the appointment of a receiver; (3) the disposition of the Motion to Appoint a Receiver could impact Ferrari Importing and Citizens' ability to protect their interests, whether equitable or contractual; and (4) no existing party in this action can adequately represent either Ferrari Importing or Citizens' interests.  *See, e.g., In re Fragrance Direct Purchaser Antitrust Litig.*, No. 2:23-02174, 2025 WL 1797613, at *1 (D.N.J. June 30, 2025).

Accordingly, IT IS HEREBY ORDERED that Ferrari Importing's Unopposed Motion to Intervene (ECF No. 47) and Citizen's Unopposed Motion to Intervene (ECF No. 49)[2] are GRANTED.  Ferrari Importing and Citizens are permitted to intervene in this action for the limited purpose of responding to the Motion to Appoint a Receiver.  A separate Scheduling Order will follow.  Nothing in this Order shall be construed as an adjudication of the Motion to Appoint a Receiver.

The Clerk of Court is directed to docket the Responses to the Motions to Appoint a Receiver, with Ferrari Importing's Response currently docketed at ECF No. 47-1, and Citizens' currently docketed at ECF No. 49-2 at 91.

The parties and the Clerk of Court are further instructed to add Ferrari Importing and Citizens to the service list in this case.

---

[2]  Citizens also requests to exceed the page limit in its Response to the Motion to Appoint a Receiver.  ECF No. 49.  That request is GRANTED.

DATED this 29th day of October, 2025.

                BY THE COURT:

                s/Christopher B. Brown
                Christopher B. Brown
                United States Magistrate Judge

CC:    All counsel of record, *via ECF*